IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN GABRIEL,

Plaintiff,

v. Civil Action No. ___EA 26 CV 0 2 5 1 2

T. ROWE PRICE ASSOCIATES, INC.

Defendant.

COMPLAINT AND JURY DEMAND

Plaintiff John Gabriel, proceeding pro se, files this Complaint against Defendant and alleges as follows:

USDG- BALTIMORE
'26 JUN 24 AM9:03

## I. NATURE OF THE ACTION

1. This action arises under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.
2. Plaintiff brings claims for disability discrimination and retaliation resulting from Defendant's treatment of Plaintiff following medical leave, disability-related accommodations, and protected activity.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.
4. This Court has jurisdiction pursuant to 42 U.S.C. § 12117.
5. Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Maryland and Defendant conducts business in Maryland.

## III. PARTIES

6. Plaintiff John Gabriel is an adult resident of Maryland.
7. Defendant T. Rowe Price Associates, Inc. is an employer within the meaning of the ADA and employed Plaintiff during the relevant period.

## IV. ADMINISTRATIVE EXHAUSTION

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 531-2025-03813.



**HD**

Rcv'd by:_____

1

9. Following its investigation, the EEOC issued a Dismissal and Notice of Rights ("Right-to-Sue Notice") on or about March 24, 2026.

10. Plaintiff has exhausted all administrative prerequisites required to bring this action.

## V. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant as a Lead Portfolio Analyst.

12. Plaintiff was qualified for his position and performed the essential functions of his job.

13. Plaintiff suffers from Major Depressive Disorder, a disability within the meaning of the ADA.

14. During his employment, Plaintiff took protected medical leave related to his disability.

15. Plaintiff returned to work and requested reasonable accommodations supported by medical documentation.

16. Following Plaintiff's return from leave and request for accommodation, Defendant increased scrutiny of Plaintiff's attendance, activities, and performance.

17. Plaintiff's manager increased monitoring of Plaintiff and expressed concerns regarding Plaintiff's future reliability and availability.

18. Plaintiff was subjected to disciplinary actions and heightened criticism after engaging in protected activity.

19. Plaintiff sought internal employment opportunities within Defendant's organization but did not receive support for those efforts.

20. Plaintiff was informed on or about April 24, 2025 that Defendant was terminating his employment.

21. Defendant's stated reasons for termination were not the true reasons for its actions.

22. Plaintiff's disability, medical leave, accommodation requests, and protected activity were motivating factors in Defendant's treatment of Plaintiff.

23. As a result of Defendant's conduct, Plaintiff suffered lost wages, lost employment benefits, emotional distress, and other damages.

COUNT I
DISABILITY DISCRIMINATION
(ADA)

24. Plaintiff incorporates Paragraphs 1 through 23 as if fully stated herein.

25. Plaintiff is a qualified individual with a disability under the ADA.

26. Defendant knew of Plaintiff's disability.

27. Plaintiff was capable of performing the essential functions of his position with or without reasonable accommodation.

28. Defendant subjected Plaintiff to adverse employment actions, including increased scrutiny, disciplinary action, and termination.

29. Defendant's actions were motivated, in whole or in part, by Plaintiff's disability.

30. Defendant violated the ADA.

2

COUNT II
RETALIATION
(ADA)

31. Plaintiff incorporates Paragraphs 1 through 30 as if fully stated herein.
32. Plaintiff engaged in protected activity by taking protected medical leave, requesting reasonable accommodation, and asserting rights protected by the ADA.
33. Defendant knew Plaintiff had engaged in protected activity.
34. Defendant subjected Plaintiff to materially adverse employment actions.
35. There was a causal connection between Plaintiff's protected activity and Defendant's adverse actions.
36. Defendant retaliated against Plaintiff in violation of the ADA.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award back pay;

C. Award front pay or reinstatement as appropriate;

D. Award lost benefits and compensation;

E. Award compensatory damages;

F. Award pre-judgment and post-judgment interest;

G. Award costs and any recoverable attorney's fees authorized by law;

H. Grant such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

John P Gabriel
5964 Glen Willow Way
Ellicott City, MD 21043
312-479-5931
john.p.gabriel@gmail.com

Plaintiff, Pro Se

Date: _06-24-2026_